

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-6-2008

# Olukune v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1264

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Olukune v. Atty Gen USA" (2008). *2008 Decisions*. Paper 1264.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1264

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-1264
_____

AZIBETTER KAGONYA OLUKUNE,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent
_____

On Petition for Review from an
Order of the Board of Immigration Appeals
(Board No. A95-850-637)
Immigration Judge: Rosalind K. Malloy
_____

Submitted Under Third Circuit LAR 34.1(a)
March 6, 2008

Before: FISHER, GREENBERG and ROTH, *Circuit Judges*.

(Filed: May 6, 2008)
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

Azibetter Kagonya Olukune ("Petitioner") seeks review of the final decision of the Board of Immigration Appeals ("BIA") ordering her removal from the United States. For the reasons set forth below, we will deny the petition.

I.

We write exclusively for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.

Petitioner, a native and citizen of Kenya, filed for asylum, withholding of removal, and relief under the Convention Against Torture. Petitioner alleged that she feared for her life because of her political involvement in Kenya with a group called Forum for Restoration and Development ("FORD"). FORD opposed the perceived corruption of the ruling party at the time, the Kenyan African National Union ("KANU"). Petitioner alleges that she was attacked by KANU sympathizers. At her hearing, Petitioner admitted that since she had been in the United States, KANU had left power and FORD had become part of the new governing coalition. On August 11, 2004, the Immigration Judge ("IJ") denied her claims. On October 14, 2005, the BIA affirmed the IJ's decision without opinion.

On August 21, 2006, Petitioner moved to reopen before the BIA based on changed country conditions in Kenya. On October 17, 2006, the BIA denied this motion for having been "filed out of time." The BIA stated that the motion did not fit into any

2

exception to the timeliness requirements because Petitioner had not shown why the evidence she had presented had not been available to her earlier, and moreover, the evidence did not show that country conditions in Kenya had changed for the worse.

On November 16, 2006, Petitioner filed a motion styled "Motion For Reconsideration and Request For Stay of Deportation." This motion asked for "reconsideration" by the BIA of its October 17, 2006 denial of her motion to reopen, and closed with a request that the BIA "reconsider" its prior decision. Thus, while the motion requests "reconsideration" of the previously denied motion to reopen, at no time does this second motion refer to itself as a "motion to reopen." In support of this motion, Petitioner provided (1) her own affidavit purporting to explain why the evidence in her prior motion had not previously been available to her; (2) a March 8, 2006 State Department Report regarding country conditions in Kenya; and (3) a November 5, 2006 newspaper article discussing Kenyan politics.

The BIA denied this second motion on December 29, 2006, finding that it did not specify any factual or legal errors made by the BIA in the previous decision. This petition for review followed.

## II.

8 U.S.C. § 1252 authorizes judicial review of a final order of removal. We review the denial of a motion to reopen for abuse of discretion. *Filja v. Gonzales*, 447 F.3d 241, 251 (3d Cir. 2006). Such a denial should be upheld unless it is "arbitrary, irrational, or contrary to law." *Id.* We review the BIA's legal decisions *de novo*, but will afford

3

*Chevron* deference to the BIA's reasonable interpretations of statutes it is charged with administering. *Luntungan v. Att'y. Gen.*, 449 F.3d 551, 555 (3d Cir. 2006).

III.

Petitioner does not explicitly state whether her petition seeks review of the BIA's October 17, 2006 order or its December 29, 2006 order. We will assume that Petitioner seeks review of the latter as we do not have jurisdiction to review the former. The petition for review was filed on January 26, 2007, more than 30 days after the October 17, 2006 order was issued. Pursuant to INA § 242(b)(1), a petition must be filed within 30 days of the date of the order. *See Jahjaga v. Att'y Gen.*, 512 F.3d 80, 85 (3d Cir. 2008) ("Lest there be confusion as to the deadline for filing motions to reopen and/or to review final orders of removal, we note that a motion to reopen a final order of removal must be filed within ninety days of the removal order, subject to certain exceptions . . . . Review of a denial of a timely motion to reopen must be filed within thirty days of the denial, which constitutes the final order of removal. 8 U.S.C. § 1252(b)(1).").

With respect to the November 16, 2006 motion and the December 29, 2006 BIA order denying that motion, there is some confusion whether this second motion, entitled "Motion for Reconsideration and Request for Stay of Deportation," should be construed as a motion for reconsideration or a second motion to reopen. The BIA construed it as a "motion to reconsider our decision dated October 17, 2006" and denied it on the basis that it did not "specify[] the errors of fact or law in the prior Board decision" as required by 8 C.F.R. § 1003.2(b).

4

On appeal, Petitioner asks us to construe this motion as a second motion to reopen, citing the BIA's final comment that, based on the materials submitted, it "could be construed as a motion to reopen." However, as it is clearly styled as a motion for reconsideration, we will consider it as such.

In order to be valid, a motion for reconsideration "shall state the reasons for the motion by specifying the errors of fact or law in the prior Board decision and shall be supported by pertinent authority." 8 C.F.R. § 1003.2(b). As the BIA found, Petitioner has not alleged any errors of fact or law, and in fact stated that she was "respectful and mindful of the Board's well-reasoned decision." The materials provided in this second motion, constitute, in Petitioner's own words, "additional evidence" to "clarify" arguments that Petitioner did not adequately explain in her first motion to reopen. As Petitioner has thus not specified any error of fact or law for the BIA to consider, the BIA properly denied the motion.

Even if we were to construe Petitioner's motion as a second motion to reopen, it is numerically barred unless it falls into one of the exceptions listed in 8 C.F.R. §§ 1003.2(c)(3)(i-iii). 8 C.F.R. § 1003.2(c)(2). The exception implicated by Petitioner is listed at subsection (c)(3)(ii):

> "[t]he time and numerical limitations set forth in paragraph (c)(2) of this section shall not apply to a motion to reopen proceedings . . . [t]o apply or reapply for asylum or withholding of deportation based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing."

5

*Id.*

Petitioner's argument that she fits this exception fails because her second motion has not presented any material information that was not previously available to her. *Id.*; *see also Shardar v. Att'y Gen.*, 503 F.3d 308, 313 (3d Cir. 2007) (finding that a motion under this section can be considered "if the asylum applicant presents material evidence of changed country conditions that could not have been presented during the hearing before the IJ"). Petitioner's affidavit clearly included information that was previously available to her. The March 8, 2006 State Department Report would have previously been available to Petitioner when she filed her first motion to reopen on August 21, 2006. Moreover, she does not show how this Report is material to her claim that country conditions have changed for the worse in Kenya, as it stated that the KANU party was removed from power and that the new government "consolidated and extended" human rights reforms. While the November 5, 2006 newspaper article was not previously available to Petitioner, this article appears to be merely a news update on Kenyan politics that mentions both KANU and FORD, and gives no indication of a substantial change in country conditions that might negatively affect Petitioner. Petitioner has thus not shown, either in her motion or her briefs, how this article is material to her claim.

IV.

For the foregoing reasons, we will deny the petition.

6